Amanda F. Benedict, SBN 200291
LAW OFFICE OF AMANDA F. BENEDICT
7710 Hazard Center Dr., Ste E-104
San Diego, CA 92108
Tel: (760) 822-1911
Fax: (760) 452-7560
amanda@amandabenedict.com

Attorneys for Plaintiff, LAILA BAIRD

# UNITED STATES DISTRICT COURT
## NORTHER DISTRICT OF CALIFORNIA
### EUREKA DIVISION

| | |
|---|---|
| **LEILA BAIRD**, on behalf of herself and all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>**MIDLAND CREDIT MANAGEMENT, INC.**,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

Plaintiff, Leila Baird ("Plaintiff"), hereby alleges:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 USC § 1692 (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. (hereinafter "RFDCPA").

///

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

## INTRADISTRICT ASSIGNMENT

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff Leila Baird (hereinafter "Plaintiff" or "Baird") is a natural person, who at all relevant times has resided in Eureka, California. Plaintiff is both a natural person and a consumer.

5. Defendant Midland Credit Management, Inc. (hereinafter "Defendant" or "Midland") is a corporation doing business in the State of California, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California. Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. The FDCPA was enacted to prevent debtors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

7. On a date better known to Defendant, Plaintiff incurred a debt originating with Barclays Bank Delaware through personal use of a credit card, account number 514887506302****.

8. Credit card debt is considered a "debt" as that term is used and defined under the FDCPA.

9. Defendant is a debt collector, the principal purpose of its business is to collect debts.

///

10. On a date better known by Defendant, Defendant began attempting to collect on said debt.

11. On or about February 21, 2019, Defendant sent Plaintiff a collection letter, attached as Exhibit A, presenting the "current balance" as $1,807.09, for said debt.

12. The collection letter offered three available payment options. Option one was for 40% off. Option two was for 20% off over 6 months. Option three was for monthly payments as low as $50 dollars per month.

13. On the top right corner of the letter, Defendant states that the offer expires on March 23, 2019.

14. To the right of the payment options, a box titled "Benefits of Paying Your Debt" states that Plaintiff will save $722.84 if she pays by March 23, 2019; can put this debt behind her; will no longer receive communications on this account; and will enjoy peace of mind.

15. Below the payment options, in much smaller print, Defendant states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

16. The collection letter is misleading, confusing, deceptive and unfair as it misrepresents the nature, character, and/or legal status of the alleged debt. The letter did not indicate or inform the Plaintiff that the statute of limitations had run on her debt and the resultant legal status of the debt.

17. Nor did the letter inform the Plaintiff that a partial payment on the debt would restart the running of the statute of limitations. In fact, had Plaintiff chosen a payment plan option, and advised Defendant on this in writing, the partial payment would revive the statute of limitations rendering Plaintiff worse off than if she had rejected the offer.

1  18. It is the position of the Federal Trade Commission, the Consumer Financial Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency that when "collecting on a time barred debt a debt collector [Defendant] must inform the consumer [Plaintiff] that (1) the collector cannot sue to collect the debt and (2) providing a partial payment would revive the collector's [Defendant's] ability to sue to collect the balance." McMahon v. LVNV Funding, LLC, 774 F.3d 1010, 1015 (7th Cir. 2014); see White v. First Step Grp. LLC, 2017 LEXIS 153569 (E.D. Cal. Sept. 19, 2017).

19. The Defendant engaged in misleading, deceptive, and unfair debt collection practices in violation of the FDCPA by its Collection Letter to the Plaintiff.

## CLASS ACTION ALLEGATIONS

**The Class**

6. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

7. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

> (a) All consumers with a California address; (b) for which Defendant sent a collection letter substantially similar to Exhibit A; (c) concerning debts for Barclays Bank Delaware used primarily for personal, household or family purposes; (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

8. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendants.

**Numerosity**

9. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of California, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

10. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

11. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant' records.

Common Questions of Law and Fact

12. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

///

**Typicality**

13.  The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

Protecting the Interests of the Class Members

14.  Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

15.  Neither the Plaintiff nor Plaintiff's counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

Proceeding Via Class Action is Superior and Advisable

16.  A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

17.  The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

18.  Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

19.  Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

1    20.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil
2 Procedure is also appropriate in that the questions of law and fact common to
3 members of the Plaintiff's Class predominate over any questions affecting an
4 individual member, and a class action is superior to other available methods for the
5 fair and efficient adjudication of the controversy.

6    21.   Depending on the outcome of further investigation and discovery,
7 Plaintiff may, at the time of class certification motion, seek to certify one or more
8 classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

9    22.   A class action will permit a large number of similarly situated persons to
10 prosecute their common claims in a single forum simultaneously, efficiently, and
11 without the duplication of effort and expense that numerous individual actions would
12 engender. Class treatment also will permit the adjudication of relatively small claims
13 by many Class members who could not otherwise afford to seek legal redress for the
14 wrongs complained of herein.

15    23.   Absent a class action, the Class members will continue to suffer losses
16 borne from Defendant's breaches of Class members' statutorily protected rights as
17 well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to
18 proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

19    24.   Defendant has acted, and will act, on grounds generally applicable to the
20 entire Class, thereby making appropriate a final injunctive relief or corresponding
21 declaratory relief with respect to the Class as a whole.

22 ///
23 ///
24 ///
25 ///
26 ///

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

25. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

26. Defendant's Collection Letter is false, deceptive, and misleading, and violates the below provisions of the FDCPA.

27. Section 1692e provides:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>
>     (A) the character, amount, or legal status of any debt;
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

# COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

## CALIFORNIA CIVIL CODE §§ 1788.17

28. Plaintiff repeats, re-alleges, and reincorporates the allegations contained in the paragraphs above and incorporates them as if set forth specifically herein.

29. Defendant has engaged in conduct against Plaintiff in violation of 15 USC § 1692e(2) and 15 USC § 1692e(10).

30. The Rosenthal Act, California Civil Code § 1788.17, requires every debt collector (Defendant) attempting to collect a consumer debt to comply with the provisions of "Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code."

31. Accordingly, Defendant's conduct violates the Rosenthal Act.

32. Defendant's actions were knowing and willful.

33. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, Leila Baird, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA and RFDCPA, for Plaintiff and each member of the class;

C. Enter judgment for injunctive relief stopping Defendant from using letters similar to that received by named Plaintiff;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

Dated: July 9, 2019               Respectfully Submitted,

                                  LAW OFFICE OF AMANDA BENEDICT

                                  */S/ Amanda F. Benedict, Esq.*

                                  Amanda F. Benedict, Esq.
                                  Attorney for Plaintiff, LEILA BAIRD